UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NOE GONZALEZ-SOTO,<br><br>Defendant. | Case No.: 3:19-cr-3858-BTM<br><br>**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF No. 36, 43]** |

Noe Gonzalez-Soto is serving a fifteen-month sentence for importation of methamphetamine and cocaine. Mr. Gonzalez-Soto is to be released from custody on September 23, 2020. He petitions this Court for compassionate release ahead of that date in light of the COVID-19 pandemic. (ECF No. 36 ("Mot.").) The Government has joined in that motion. (ECF No. 43.)

A district court may modify an existing term of imprisonment under the framework set forth in 18 U.S.C. § 3582(c). The court may only do so upon motion of either the Bureau of Prisons ("BOP") on behalf of a federal inmate or the inmate himself. § 3582(c)(1)(A). This latter avenue — in which the inmate moves on his own accord — is a new addition to the statute, implemented by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Under § 3582(c)(1)(A), a court may only rule on a motion filed by the inmate after he "has fully exhausted

all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See United States v. Alam*, ___ F.3d ___, 2020 WL 2845694 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020). Mr. Gonzalez-Soto is not in BOP custody and therefore cannot exhaust his administrative remedies through a BOP warden, so the exhaustion requirement is waived. *See United States v. Arreola-Bretado*, 3:19-CR-3410-BTM, ___ F. Supp. 3d ___, 2020 WL 2535049 (S.D. Cal. May 15, 2020).

A district court may reduce a previously imposed sentence and grant compassionate release if "extraordinary and compelling reasons warrant such a reduction," so long as (1) such release is consistent with applicable policy statements of the U.S. Sentencing Commission, (2) the defendant is not a danger to any person or to the community, and (3) the release is consistent with the factors in 18 U.S.C. § 3553(a). § 3582(c)(1)(A). The U.S. Sentencing Commission determines what these "extraordinary and compelling reasons" are. 28 U.S.C. § 994(t). Among them is the medical condition of the defendant. U.S. S. G. § 1B1.13 cmt. n. 1(A).

Extraordinary and compelling reasons are present here. Mr. Gonzalez-Soto suffers from several medical conditions that put him at a heightened risk of severe COVID-19 illness, namely hypertension and obesity. (Mot., 17:2, Exh. B); *see also* "People Who Need Extra Precautions," *Coronavirus Disease 2019 (COVID-19)*, CDC, http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Mr. Gonzalez-Soto tested positive for COVID-19 on April 23, 2020 and is still experiencing some of the attendant symptoms. (Mot., 2:5–6, 2:19–25.). His prison medical records indicate that he was deemed "high risk for COVID-19 complications." (*Id.* at 2:25–3:2, Exh. B.) Mr. Gonzalez-Soto does not pose a danger to public safety, as demonstrated by his rapidly approaching release date and the Government's concurrence in this sentence

reduction. Finally, the Court has considered the 18 U.S.C. § 3553 sentencing factors and finds that this reduced sentence is consistent with them. Among these factors is the consideration of the defendant's need for medical care "in the most effective manner." § 3553(2)(D).

The joint motion for release under § 3582(c) is **GRANTED**. Mr. Gonzalez-Soto is sentenced to time served and three years of supervised release on the conditions as originally ordered.

**IT IS SO ORDERED**.

Dated:  September 3, 2020

_____
Honorable Barry Ted Moskowitz
United States District Judge